**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN EZEKEIL MORTIS,<br><br>                              Petitioner,<br><br>vs.<br><br>UNITED STATES of AMERICA,<br><br>                              Respondent. | Civil No.   07-2019 JAH (CAB)<br><br>**ORDER CONSTRUING PETITION AS 28 U.S.C. § 2254 AND TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION** |

Petitioner has filed a habeas corpus for writ of habeas corpus. Although the Petitioner used a form meant for 28 U.S.C. § 2255 actions, this Court liberally construes the petition as one filed pursuant to 28 U.S.C. § 2254 because Petitioner is attacking a state court conviction and has no federal criminal case in this Court. Because Petitioner is attacking a conviction from the Superior Court of Los Angeles County, California, the Court finds that this case should be transferred in the interest of justice.

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). The application in the present matter attacks a conviction in the Superior Court of Los Angeles County, California, which is within the jurisdictional boundaries of the United States District Court for the Central District, Western

/ / /

1 | Division. *See* 28 U.S.C. § 84(c)(2).  Moreover, Petitioner is presently confined at Big Spring
2 | Correctional Center, in Big Spring Texas which is located in Howard County and is within the
3 | jurisdictional boundaries of the United States District Court of for the Northern District of Texas,
4 | Abilene Division . *See* 28 U.S.C. § 124(a)(3).  Thus, jurisdiction exists in the Central District
5 | of California, Western Division or the Northern District of Texas; and not in the Southern
6 | District.

7 |     Although this Court does not have jurisdiction over the action, "[u]nder a provision of the
8 | Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of
9 | jurisdiction the court shall transfer the action to any other such court in which the action could
10 | have been brought 'if it is in the interest of justice.'"  *Miller v. Hambrick*, 905 F.2d 259, 262 (9th
11 | Cir. 1990) (citing *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit
12 | has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will
13 | be in the interest of justice because normally dismissal of an action that could be brought
14 | elsewhere is "time-consuming and justice-defeating."  *Miller*, 905 F.2d at 262 (quoting
15 | *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).  Therefore, pursuant to 28 U.S.C. § 1631,
16 | this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C.
17 | § 2241(d).

18 |     When a habeas petitioner is challenging a state conviction, the district court of the district
19 | in which a petitioner was convicted and sentenced is a more convenient forum because of the
20 | accessibility of evidence, records and witnesses.  Thus, it is generally the practice of the district
21 | courts in California to transfer habeas actions challenging a state conviction to the district in
22 | which the Petitioner was convicted.  Any and all records, witnesses and evidence necessary for
23 | the resolution of Petitioner's contentions are more readily available in Los Angeles County,
24 | which is thus a more convenient forum.  *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a
25 | court can, of course, transfer habeas cases to the district of conviction which is ordinarily a more
26 | convenient forum); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).
27 | / / /
28 | / / /

1  Therefore, in the furtherance of justice, **IT IS ORDERED** that the Clerk of this Court
2  transfer this matter to the United States District Court for the Central District of California,
3  Western Division.  *See* 28 U.S.C. § 2241(d).  **IT IS FURTHER ORDERED** that the Clerk of
4  this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.
5  DATED:  October 29, 2007

    JOHN A. HOUSTON
    United States District Judge